# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **Olanders Nelson,** | CASE NO. _____ |
| **Plaintiff,** | **COMPLAINT AND REQUEST FOR JURY TRIAL** |
| vs. | |
| **Lindsay Corporation,** | |
| **Defendant.** | |

## INTRODUCTION

COMES NOW the Plaintiff, Olanders Nelson, and for his causes of action against Defendant, Lindsay Corporation, alleges and states as follows:

1. This is an action for injunctive and monetary relief against the Defendant for acts in violation of Plaintiff's rights as guaranteed Title VII, 42 U.S.C. §2000e-3, and 42 U.S.C.1981 and attorney fees pursuant to 42 U.S.C. 2000e-5(k).

## JURISDICTION AND VENUE

2. The jurisdiction of the Court is invoked pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 to hear and redress the deprivation of rights guaranteed under federal law.

3. Venue is appropriate in this Court pursuant to 28 U.S.C. §1391, as all material facts occurred in the State of Nebraska.

4. Plaintiff has met the administrative requirements of this action in that he filed a charge of discrimination with the Nebraska Equal Opportunity Commission ("NEOC") on or about June 14, 2013. The NEOC issued a right to sue letter, which was mailed to Plaintiff on March 20, 2015.

## PARTIES

5. Plaintiff, Olanders Nelson, is an African American and a resident and citizen of Omaha, Douglas County, Nebraska.

6. Defendant, Lindsay Corporation, hereafter referred to as Lindsay, is a foreign corporation incorporated under the laws of the State of Delaware, and does business in the State of Nebraska. The Defendant's Crown Pointe, Omaha, Nebraska, production facility, is the location that, at all relevant times herein, employed the Plaintiff and during all times material to the facts alleged herein employed more than 15 employees.

## FACTS

7. Plaintiff was employed by Defendant from May 2, 2011, to June 14, 2013.

8. Plaintiff is African American. Plaintiff worked for the Respondent in excess of 2 years. Plaintiff's position with Defendant was as a welder. During his employment, Plaintiff was subjected to derogatory names, disciplined in a discriminate manner and treated differently than Non-African Americans by plant production supervisors and management.

9. At all times during his employment with Defendant, Plaintiff was employed as a welder.

10. During the course of his employment with Defendant, the Plaintiff was subject to disparaging remarks, such as being called "nigger" by other employees, and "my nigger" by one of the Defendant's production managers. The Plaintiff was subject to racially charged, written documents placed on the windshields of employee vehicles parked on Defendant's property, stating the Defendant should get rid of "niggers". Plaintiff reported these circumstances and conditions to the Defendant's plant managers and production supervisors, but no remedial measures were taken by Defendant.

11. During the course of his employment with Defendant, Plaintiff complained to plant managers and production supervisors that other African American welders were treated differently

2

than similarly situated Non-African American welders and that African American welders would receive reprimands and suspensions for conduct that Non-African American welders would engage in but receive no disciplinary action. Again, no remedial measures were taken by the Defendant.

12. On June 14, 2013, Plaintiff was informed by Defendant that he was being discharged for spitting on the welding shop floor, an act commonly made by Non-African American welders with no resulting disciplinary action. Previous disciplinary actions that had been taken against Plaintiff were for alleged infractions also committed by Non-African American welders, for which no disciplinary action was taken.

## FIRST CAUSE OF ACTION

13. Plaintiff incorporates all allegations in paragraphs one through twelve as though fully set out herein verbatim.

14. The foregoing actions of Defendant constitutes a violation of Title VII of the Civil Rights Act of 1964, as amended, Plaintiff has been discriminated against because of his race and color.

15. As a result of Defendant's aforesaid actions, the Defendant has willfully discriminated against Plaintiff by harassing him, and subjecting him to a hostile work environment and by subjecting him to different conditions of employment than other Non-African American employees. As a result, Defendant's willful discrimination against Plaintiff is in violation of Plaintiff's legal rights, including the rights guaranteed by Title VII of the Civil Rights Act of 1964, as amended.

16. As a result of Defendant's unlawful discrimination and retaliation, Plaintiff has suffered and continues to suffer lost wages and benefits, undue hardship, great emotional distress, humiliation, embarrassment, inconvenience, loss of enjoyment of life, damage to his reputation, personal and professional, which entitles him to compensatory and punitive damages.

## SECOND CAUSE OF ACTION

### (42 U.S.C. 1981)

17. Plaintiff incorporates all allegations in paragraphs one through sixteen as though fully set out herein verbatim.

18. The foregoing actions of Defendant constitute a violation of 42 U.S.C. 1981 for a violation of the Defendant's Rights not to be discriminated against on the basis of his race.

19. As a result of Defendant's unlawful discrimination and retaliation, Plaintiff has suffered and continues to suffer lost wages and benefits, undue hardship, great emotional distress, humiliation, embarrassment, inconvenience, loss of enjoyment of life, damage to his reputation, personal and professional, which entitles him to compensatory and punitive damages.

## THIRD CAUSE OF ACTION

### (TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. 1981)

20. Plaintiff incorporates all allegations in paragraphs one through nineteen as though more fully set forth.

21. Plaintiff's reporting of discriminatory conduct, engaged in by employees and managers alike, to Defendant's management is a protected employment activity as established by Title VII of the Civil Rights Act of 1964, as amended and 42 U.S.C. 1981.

22. The foregoing actions of Defendant constitute a violation of both Title VII of the Civil Rights Act of 1964, as amended and 42 U.S.C. 1981 for a retaliatory discharge in violation of the Defendant's Rights to be protected from termination after observing and reporting discriminatory conduct on the basis of his race.

23. As a result of Defendant's unlawful discrimination and retaliation, Plaintiff has suffered and continues to suffer lost wages and benefits, undue hardship, great emotional distress, humiliation, embarrassment, inconvenience, loss of enjoyment of life, damage to his reputation, personal and professional, which entitles him to compensatory and punitive damages.

## FOURTH CAUSE OF ACTION

### (NEB. REV. STAT. §48-1101, *et seq*)

24.     Plaintiff incorporates all allegations in paragraphs one through twenty-three as though more fully set forth.

25.     The foregoing actions of Defendant constitute a violation of Neb. Rev. Stat. §48-1101, *et seq*, the Nebraska Fair Employment Practices Act, for a violation of the Defendant's Rights not to be discriminated against on the basis of his race.  Similarly, Plaintiff's reporting of discriminatory conduct, engaged in by employees and managers alike, to Defendant's management is a protected employment activity as established by Neb. Rev. Stat. §48-1101, *et seq*, the Nebraska Fair Employment Practices Act, and the foregoing actions of Defendant constitute a violation of Neb. Rev. Stat. §48-1101, *et seq*, the Nebraska Fair Employment Practices Act, for a retaliatory discharge in violation of the Defendant's Rights to be protected from termination after observing and reporting discriminatory conduct on the basis of his race.

26.     As a result of Defendant's unlawful discrimination and retaliation, and violation of Nebraska State Law, Plaintiff has suffered and continues to suffer lost wages and benefits, undue hardship, great emotional distress, humiliation, embarrassment, inconvenience, loss of enjoyment of life, damage to his reputation, personal and professional, which entitles him to compensatory and punitive damages.

### PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully requests this court to assume jurisdiction over this case and:

    (a) Declare the acts described herein as violating the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 1981 and Neb. Rev. Stat. §48-1101, *et seq*, the Nebraska Fair Employment Practices Act,;

    (b) Enjoin Defendant from further actions of discrimination;

5

(c) Award damages to compensate Plaintiff for his lost wages, lost benefits, pain and suffering, emotional distress, humiliation, and damage to his reputation, personal and professional;

(d) Assess punitive damages against the Defendant to the maximum extent allowed by law;

(e) Order Defendant to reinstate Plaintiff to the position he held at the time of his discharge, as though no discrimination occurred, with full back-pay and all related employment benefits that Plaintiff would have had, had he not been discriminated against; or in lieu of reinstatement, award Plaintiff reasonable future wages;

(f) Award Plaintiff reasonable attorney fees and costs of this trial; and

(g) Award the Plaintiff such further relief as the Court deems just and proper.

## REQUEST FOR JURY TRIAL

Plaintiff hereby requests that a jury trial be held in Omaha, Nebraska.

Respectfully submitted,

OLANDERS NELSON, Plaintiff,

By: _____
John P. Weis, #19618
WOLFE, SNOWDEN, HURD,
LUERS & AHL, LLP
Wells Fargo Center
1248 O Street, Suite 800
Lincoln, NE 68508-1424
(402) 474-1507